# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; and UNITED ARTISTS FILMS INC., a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 1:05-cv-10739-DPW |
| v. | ) ) | |
| DOES 1 - 2, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

## I.    INTRODUCTION

Plaintiffs, among the world's leading motion picture studios, filed this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of copyrighted motion pictures. Using a so-called "peer-to-peer" ("P2P") file "swapping" network known as BitTorrent, Defendants' infringements allow them and untold others unlawfully to obtain and distribute for free copyrighted works that Plaintiffs invest millions of dollars to create and/or distribute. Plaintiffs sued Defendants as Doe Defendants because Defendants committed their infringements using on-line fictitious "screen names" or "user names," not their true names. Plaintiffs seek leave of Court to serve limited discovery prior to a Rule 26(f) conference on one or more non-party Internet Service Providers ("ISPs") solely to determine the identities of the Doe Defendants. The only way that Plaintiffs can determine Defendants' true names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access. This

information is readily available to the ISPs from documents they keep in the regular course of business.

For the past year, federal district courts throughout the country, including this Court, have granted expedited discovery in Doe Defendant lawsuits that are factually similar, if not identical to the instant lawsuit.[1]  In these cited cases and others like them, motion picture studio and record company plaintiffs have obtained the identities of P2P network users from ISPs through expedited discovery using information similar to that gathered by Plaintiffs in the instant case; they have used that information as the basis for their proposed subpoenas to these ISPs. Plaintiffs respectfully request that this Court follow well-established precedent, and grant this motion for expedited discovery against the identified ISP and any other ISPs that Plaintiffs later discover were the actual entities providing the Doe Defendants with online services and/or network access.

---

[1]     Such cases include Paramount Pictures Corporation et al, v. Does 1-11, Case No. 4:05-CV-00335-CAS (E.D. Mo.) (Shaw, C.); Columbia Pictures Industries, Inc., et al. v. Does 1-14, Case No. 04-F-2368 (MJW) (D. Colo.) (Figa, P.); Maverick Recording Company, et al. v. John Doe, Case No. 04-12436-NG (D. Mass.) (Gertner, N.); Warner Bros. Entertainment Inc., et al. v. John Doe, Case No. 05-10359-JLT (D. Mass.) (Tauro, J.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-23, Case No. 04 C 7398 (N.D. Ill.) (Gottschall, J.); Columbia Pictures Industries, Inc., et al. v. Does 1-10, Case No. 1:05CV515-BBM (N.D. Ga.) (Martin, B.); Universal City Studios Productions LLLP, et al. v. Does 1-24, Case No. SA-05-CA-68-OG (W.D. Tex.) (Garcia, O.); Twentieth Century Fox Film Corporation, et al. v. Does 1-43, Case No. 05 CV 2351 (S.D.N.Y.) (Cederbaum, M.); Columbia Pictures Industries, Inc. v. John Doe, Case No. CV05-1034 (W.D. Wash.) (Zilly, T.); Disney Enterprises, Inc., et al. v. Does 1-9, Case No. 4:05CV00093 (E.D. Ark.) (Moody, J.); Universal City Studios Productions LLLP, et al. v. Does 1-7, Case No. 05CV1119(JBS) (D.N.J.) (Simandle, J.); Paramount Pictures Corporation, et al. v. Does 1-8, Case No. 05-cv-535 (D.N.J.) (Wolfson, F.); Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-8, Case No. 05-2075-KHV-DJW (D. Kan.) (Waxse, D.); Columbia Pictures Industries, Inc., et al. v. John Doe (67.123.19.140), Case No. C 04 5243 PJH (N.D. Cal.) (Hamilton, P.).  See Exhibit "A."

## II.    FACTUAL BACKGROUND

As alleged in the complaint, the Doe Defendants, without authorization, used an online

P2P media distribution system to download Plaintiffs' copyrighted works and distribute

Plaintiffs' copyrighted works to the public, including by making Plaintiffs' copyrighted works

available for distribution to others. See Complaint. Because Defendants used fictitious user

names or screen names when they copied and distributed Plaintiffs' copyrighted works, Plaintiffs

do not know the Defendants' actual identities. See Declaration of Chad Tilbury ("Tilbury

Decl."), ¶ 6. However, Plaintiffs have identified each Defendant by a unique Internet Protocol

("IP") address assigned to that Defendant by his/her ISP on the date and at the time of the

Defendant's infringing activity. See Declaration of Thomas Mizzone ("Mizzone Decl."), ¶¶ 8-

13. Plaintiffs also made copies of substantial portions of at least one copyrighted motion picture

that each Defendant unlawfully distributed or made available for distribution through the file

sharing networks, and confirmed that such file contained a motion picture whose rights under

copyright law are owned by one of the Plaintiffs. Declaration of R. Christopher Harshman

("Harshman Decl."), ¶ 4. All of this information was gathered by an on-line piracy technology

specialist through specific systems and procedures that were designed to ensure that the

information gathered about each Doe Defendant is accurate. Tilbury Decl. ¶ 8; see generally

Mizzone Decl.

Plaintiffs have identified the ISP that provided Internet access to each Defendant, and

assigned the unique IP address to the Defendant, by using a publicly available database to trace

the IP address for each Defendant. Mizzone Decl., ¶¶ 9-12. Here, the ISP is Boston University.

Id., ¶¶ 12-13  When given a Defendant's IP address and the date and time of the infringing

activity, an ISP can identify the name and address of the Doe Defendant (i.e., the ISP's

3

subscriber) because that information is contained in the ISP's subscriber activity log files. Id., ¶¶ 9, 13.

ISPs typically keep log files of subscriber activities for only limited periods of time -- sometimes for as little as weeks or even days -- before erasing the data. Tilbury Decl., ¶ 11; Mizzone Decl., ¶ 9. For this reason, as soon as Plaintiffs identified the infringer, Plaintiffs notified Boston University of the IP address and the date and time of the infringing activity, and asked Boston University to retain the records needed to identify the subscriber who was assigned that IP address at that date and time. See Mizzone Decl., ¶ 13.

However, some ISPs lease or otherwise allocate certain of their IP addresses to other unrelated, intermediary ISPs. Id., ¶ 12. Since these lessor ISPs, as a consequence, have no direct relationship -- customer, contractual, or otherwise -- with the end-user, they are unable to identify the Doe Defendants through reference to their user logs. Id. The intermediary ISPs, though, should be able to identify the Doe Defendants by reference to their own user logs and records. Id. Accordingly, Plaintiffs seek leave to serve limited, immediate discovery sufficient to determine the Doe Defendants' true identities on Boston University. To the extent that Boston University, in turn, identifies a different entity as the ISP providing network access and online services to the Doe Defendants, Plaintiffs also seek leave to serve, on any such later identified ISP, limited discovery sufficient to identify the Doe Defendant prior to the Rule 26 conference.

Plaintiffs request permission to serve a Rule 45 subpoena on these ISPs seeking each Doe Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address (data available only to the ISP that identifies the specific computer used for the infringing activity). Plaintiffs will only use this information to prosecute this action. Without

4

this information, Plaintiffs cannot pursue their lawsuit to protect their motion pictures from ongoing and repeated infringement.  Tilbury Decl., ¶ 9-10.

If the Court grants this Motion, Plaintiffs will serve the subpoena on Boston University requesting the identifying information within fifteen (15) business days.  If Boston University cannot identify one or more of the Doe Defendants but does identify an intermediary ISP as the entity providing online services and/or network access to such Defendants, Plaintiffs will then serve a subpoena on that ISP requesting the identifying information for the relevant Doe Defendants within fifteen (15) days.  In either case, these ISPs will be able to notify their subscribers that this information is being sought, and each Defendant will have the opportunity to raise any objections before this Court prior to the return date of the subpoena.  Thus, to the extent that any Defendant wishes to object, he or she will be able to do so.

## III.    ARGUMENT

Courts routinely allow discovery to identify "Doe" defendants.  See, e.g., Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (plaintiff should have been permitted to conduct discovery to reveal identity of defendant); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (error to deny plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (error to dismiss claim merely because defendant was unnamed; "Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity"); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to

identify the unknown defendants"); <u>Maclin v. Paulson</u>, 627 F.2d 83, 87 (7th Cir. 1980) (where "party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity through limited discovery"); <u>Equidyne Corp. v. Does 1-21</u>, 279 F. Supp. 2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously posting messages on message boards). As discussed above, many district courts have granted leave to record companies to serve subpoenas on ISPs to obtain the identities of Doe Defendants prior to a Rule 26 conference in copyright infringement lawsuits similar to the instant action. <u>See</u> Exhibit A.

Courts consider the following factors when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. <u>Columbia Ins. Co. v. Seescandy.com</u>, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); <u>see also</u> <u>Rocker Mgmt. LLC v. John Does</u>, No. 03-MC-33 2003 WL 22149380, *1-2, (N.D. Cal. 2003) (applying <u>Seescandy.com</u> standard to identify persons who posted libelous statements on Yahoo! message board; denying request for expedited discovery where the postings in question were not libelous). Plaintiffs here are able to demonstrate each one of these factors.

First, Plaintiffs have sufficiently identified the Doe Defendants through the unique IP address each Doe Defendant was assigned at the time of the unauthorized distribution of the copyrighted film. <u>See</u> <u>Seescandy.com</u>, 185 F.R.D. at 578-80. <u>See</u> Complaint, Ex. A; Mizzone Decl., ¶¶ 7-13. These Defendants gained access to the Internet through their ISP (under cover of an IP address) only by setting up an account with the ISP. Mizzone Decl., ¶ 11. This ISP can

identify each Defendant by name through the IP address by reviewing its subscriber activity logs. Id., ¶¶ 9, 13. Thus, Plaintiffs can show that all Defendants are "real persons" whose names are known to the ISP and who can be sued in federal court.

Second, Plaintiffs have specifically identified the steps taken to identify Defendants' true identities. Id., ¶¶ 7-13. Plaintiffs have obtained each Defendant's IP address and the date and time of the Defendant's infringing activities, have traced each IP address to a specific ISP, and have made copies of a sample of the motion pictures each Defendant unlawfully distributed or made available for distribution. See Complaint, Ex. A; Mizzone Decl., ¶¶ 7-13. Therefore, Plaintiffs have obtained all the information they possibly can about Defendants without discovery from the ISP.

Third, Plaintiffs have asserted a *prima facie* claim for direct copyright infringement in their Complaint that can withstand a motion to dismiss. Specifically, Plaintiffs have alleged that: (a) they own and have registered the copyrights in the works at issue and/or own the relevant exclusive distribution rights, and (b) the Doe Defendants copied or distributed those copyrighted works without Plaintiffs' authorization. See Complaint. These allegations state a claim for copyright infringement. See 17 U.S.C. § 106(1)(3); In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (U.S. Jan. 12, 2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014-15 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights. Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights.").

7

Courts have also allowed expedited discovery when "good cause" is shown. See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Entertainment Tech. Corp. v. Walt Disney Imagineering, No. Civ. A. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. 2003) (applying a reasonableness standard; "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances") (quotations omitted); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard).

Good cause exists here because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Tilbury Decl., ¶ 11; Mizzone Decl., ¶ 9. If that information is erased, Plaintiffs will have no ability to identify the Defendants, and thus will be unable to pursue their lawsuit to protect their copyrighted works. Tilbury Decl., ¶¶ 10, 11; Mizzone Decl., ¶¶ 9, 11. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists. Qwest Comm., 213 F.R.D. at 419; see also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

Good cause exists here for the additional reason that a claim for copyright infringement presumes irreparable harm to the copyright owner. See 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 14.06[A], at 14-03 (2003); Elvis Presley Enter., Inc. v. Passport Video,

349 F.3d 622, 631 (9th Cir. 2003).  The first and necessary step that Plaintiffs must take to stop

the infringement of their valuable copyrights is to identify the Doe Defendants who are copying

and distributing their motion pictures.  This lawsuit cannot proceed without the limited discovery

Plaintiffs seek because the ISP is the only entity that can identify the otherwise anonymous

Defendants.  Courts regularly permit early discovery where such discovery will "substantially

contribute to moving th[e] case forward."  Semitool, 208 F.R.D. at 277.

Finally, Defendants have no legitimate expectation of privacy in the subscriber

information they provided to Boston University much less in downloading and distributing

copyrighted motion pictures without permission.  In re Verizon Internet Services, Inc., 257

F.Supp.2d 244, 267 (D.D.C. 2003), cert. denied, Recording Indus. Ass'n of America, Inc. v.

Verizon Internet Services, Inc., 351 F.3d 1229 (D.C. Cir. 2003) ("if an individual subscriber

opens his computer to permit others, through peer-to-peer filesharing, to download materials

from that computer, it is hard to understand just what privacy expectation he or she has after

essentially opening the computer to the world"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001)

("computer users do not have a legitimate expectation of privacy in their subscriber information

because they have conveyed it to another person—the system operator"); Sony Music

Entertainment, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have

little expectation of privacy in downloading and distributing copyrighted songs without

permission"). U.S. v. Hambrick, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656

(4th Cir. 2000).  This is because a person can have no legitimate expectation of privacy in

information he or she voluntarily communicates to third parties.  See, e.g., Smith v. Maryland,

442 U.S. 735, 743-44 (1979); U.S. v. Miller, 425 U.S. 435, 442-43 (1976); Couch v. U.S., 409

U.S. 322, 335-36 (1973); <u>Leis</u>, 255 F.3d at 335; <u>U.S. v. Kennedy</u>, 81 F.Supp.2d 1103, 1110 (D.

Kan. 2000); <u>Hambrick</u>, 55 F.Supp.2d at 508.

     Although Defendants copied and distributed motion pictures without authorization using

fictitious user names, their conduct was not thus anonymous. Using publicly available

technology, the unique IP address assigned to each Defendant at the time of infringement can be

readily identified. Mizzone Decl. ¶¶ 7-10. When Defendants entered into a service agreement

with Boston University or any other ISP, they knowingly and voluntarily disclosed personal

identification information to it. As set forth above, this identification information is linked to the

Defendants' IP address at the time of infringement, and recorded in the ISP's subscriber activity

logs. Since Defendants can, as a consequence, have no legitimate expectation of privacy in this

information, this Court should grant Plaintiffs leave to seek expedited discovery of it. Absent

such leave, Plaintiffs will be unable to protect their copyrighted motion pictures from continued

infringement.

     Where federal privacy statutes authorize disclosure pursuant to a court order, courts have

held that a plaintiff must make no more than a showing of relevance under the traditional

standards of Rule 26. <u>See</u> <u>Laxalt v. McClatchy</u>, 809 F.2d 885, 888 (D.C. Cir 1987) (court found

"no basis for inferring that the statute replaces the usual discovery standards of the

FRCP . . . with a different and higher standard"); <u>accord</u> <u>Lynn v. Radford</u>, No. 99-71007, 2001

WL 514360, at *3 (E.D. Mich. 2001); <u>Gary v. United States</u>, No. 3:97-CV-658, 1998 WL

834853, at *4 (E.D. Tenn.); <u>see also</u> <u>In re Gren</u>, 633 F.2d 825, 828 n.3 (9th Cir. 1980) ("court

order" provision of Fair Credit Reporting Act requires only "good faith showing that the

consumer records sought are relevant") (internal quotation omitted). Plaintiffs plainly have met

that standard, as the identity of Defendants is essential to Plaintiffs' continued prosecution of this
action.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should grant the
Motion for Leave to Take Discovery Prior to Rule 26(f) Conference and enter an Order
substantially in the form of the attached proposed Order.

Respectfully submitted,

Dated: April 22, 2005

James B. Conroy (BBO # 96315)
Matthew N. Kane (BBO # 636801)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
Tel. (617) 720-2880
Fax (617) 720-3554

Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0034
Tel. (212) 407-4000
Fax (212) 407-4990

*Attorneys for Plaintiffs*